**Brad ALEXANDER, Plaintiff,**

v.

**JBC LEGAL GROUP, P.C. a California Professional Corporation, JBC & Associates, P.C., Jack Hagop Poyajian, Defendants.**

**No. CV 05–16–H–DWM.**

United States District Court,
D. Montana,
Helena Division.

Aug. 9, 2006.

David K.W. Wilson, Jr., Reynolds Motl and Sherwood, Helena, MT, Michael D. Kinkley, Attorney at Law, Spokane, WA, for Plaintiff.

Bruce M. Spencer, Smith Law Firm, Helena, MT, for Defendants.

## ORDER

MOLLOY, Chief Judge.

### I. Factual Background

This is a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o. The alleged violations originate in Defendants' letters attempting to collect a debt from Plaintiff Brad Alexander.

Alexander alleges that Defendants mailed him a letter on April 4, 2004, in an attempt to collect $6.07 for a dishonored check he had written on March 5, 1992. The letter demanded that Alexander remit to Defendants $46.07 and stated that he would be subject to a penalty of triple the amount of the check, or $100.00, whichever was greater, if he failed to make payment within thirty days. Exh. 1. On May 5, 2004, Defendants sent Alexander a second letter demanding the $46.07 plus an additional $100.00. Exh. 2. On December 16, 2004, Defendants sent Alexander a third letter demanding $46.07 plus an additional $100.00. Exh. 3. Alexander alleges that Defendants have sent letters identical to Exhibit 1 to at least one hundred other Montana residents, letters identical to Exhibit 2 to at least twenty-nine other Montana residents, and letters identical to Exhibit 3 to at least thirty-four other Montana residents.

According to Alexander, the letters sent by Defendants violated federal law regulating debt collectors and state law regarding the fees allowed for the collection of dishonored

checks because they attempted to collect amounts not authorized by federal or state law.

The Plaintiff has filed a motion for class certification, asking that the Court certify a class comprised of:

(1) all persons in the state of Montana;

(2) to whom a letter in the form of Exhibits 1, 2 or 3 was sent;

(3) in an attempt to collect a debt incurred for personal, family, or household purposes;

(4) which was not returned as undeliverable by the U.S. Post Office.

Defendants oppose class certification.

## II. Analysis

■ In order for a class to be certified, it must meet each of the requirements of Federal Rule of Civil Procedure 23(a), and the requirements of one of the three subsections of Rule 23(b). The Supreme Court has described the Rule 23(a) requirements as follows:

Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical … of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class').

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Alexander requests certification pursuant to subsection (b)(3) of Rule 23, which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). This Court is to consider the following pertinent matters when analyzing a case under Rule 23(b)(3):

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.* The plaintiff bears the burden of showing that each of the requirements has been met.

■ It is improper for this Court to consider the merits of the complaint beyond what is necessary to decide whether the requirements of Rule 23 have been met. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it."). Thus, for purposes of this motion, the allegations in Alexander's complaint must be accepted as true. *Id.*

### A. Rule 23(a)

#### 1. Rule 23(a)(1) Numerosity

■ The numerosity requirement is met when the class is so large that joinder of all members is impractical. Rule 23(a)(1). Plaintiff alleges that the class size is at least 100 and estimates that approximately 163 letters were sent during the one year class period. Defendants do not dispute the estimated class size, rather they argue that the class does not have enough potential class members to meet the numerosity requirement.

The Ninth Circuit has vacated certification on numerosity grounds where a class consisted of ten members or less, and it has noted the Supreme Court's holding in *General Telephone Company v. EEOC,* 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), that a class consisting of fifteen members is too small to meet the numerosity requirement. *See Harik v. Cal. Teachers Ass'n,* 326 F.3d 1042, 1051 (9th Cir.2003). On the other

hand, it has suggested that a class consisting of as little as thirty-nine members may satisfy the numerosity requirement "solely on the basis of the number of ascertained class members." *See Jordan v. County of Los Angeles,* 669 F.2d 1311, 1319 (9th Cir.1982), *vacated on other grounds,* 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982). In *Jordan,* the court listed thirteen other cases in which other courts certified classes with less than 100 members. *Id.* at 1319 n. 10.

Based on the foregoing, a class with at least 100 members meets the numerosity requirement of Rule 23(a). Joinder of that many parties would be impracticable. *See also Harry A. v. Duncan,* CV 03–13–H–DWM (Docket # 67, Feb. 3, 2004) (holding that a reasonable estimate of 100 or more class members satisfied the numerosity requirement).

## 2. Rule 23(a)(2) Commonality

If there are questions of fact and law which are common to the class, the commonality requirement has been met. Fed. R.Civ.P. 23(a)(2). Rule 23(a)(2) is construed permissively and is satisfied even if all questions of fact and law are not identical. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019–20 (9th Cir.1998). As long as the class members' claims arise from the same source and raise at least some of the same legal issues, the plaintiff has met the minimal requirements of Rule 23(a)(2). *Id.*

Here, the Plaintiff claims that Defendants mailed every member of the proposed class a form letter that violated the FDCPA. In these circumstances, the class members' claims arise from the same alleged act and will raise in large part the same legal issues regarding Defendants' conduct. The commonality requirement of Rule 23(a)(2) has been met.

## 3. Rule 23(a)(3) Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be

substantially identical." *Hanlon,* 150 F.3d at 1020.

The proposed class' claims are all based on the same form letter sent by Defendants. Each member of the class was allegedly a victim of the same violations of the FDCPA. Alexander's specific facts may be unique on the issue of the statute of limitations since Defendants sent him a collection letter more than twelve years after he wrote the dishonored check. However, his claims would be otherwise indistinguishable from another plaintiff who received the same collection letter demanding an amount in excess of the statutory collection fee contrary to the provisions of Montana Code Annotated § 27–1–717. Further, at least some of the other class members may also have received the letter outside of the statute of limitations. Alexander's claims are therefore "reasonably co-extensive" with other class members' claims and the typicality requirement of Rule 23(a)(3) is satisfied.

## 4. Rule 23(a)(4) Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This court must consider two issues to determine adequacy of representation:

(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?

*Hanlon,* 150 F.3d at 1020 (citing *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir.1978)).

Plaintiff Alexander has filed a "Declaration in Support of Class Certification" representing that he understands what it means to file a class action and what his role as class representative requires. In his declaration, Alexander maintains that he will assume the "responsibility to see that the lawyers prosecute the case on behalf of the entire class, not just myself," and that he understands that all class members must be protected in the disposition of this case. Decl. of Brad Alexander at 2–3 (Docket # 36). It does not

appear that Alexander has any interests that would conflict with those of other class members and Defendants do not raise any. Lead counsel for the Plaintiff, Michael D. Kinkley, also filed a "Declaration of Putative Class Counsel in Support of Plaintiff's Motion for Class Certification," in which he lists his qualifications as class counsel. From his declaration, it appears that Kinkley is amply qualified to act as class counsel in this case. He has acted as class counsel in multiple cases and has been involved in dozens of class actions. *See* Decl. of Michael D. Kinkley at 5–7. Defendants do not dispute this issue. Based on the foregoing, the requirements of Rule 23(a)(4) have been met. Alexander and his counsel have demonstrated their intent and ability to prosecute this action vigorously on behalf of all class members and they appear to have no conflicts of interest.

### B. Rule 23(b)

In addition to meeting each of the requirements of Rule 23(a), a proposed class must be maintainable as one of the types of classes described in Rule 23(b). The Plaintiff claims that the proposed class should be certified under Rule 23(b)(3) because "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

█ The Rule 23(b)(3) predominance requirement is construed to be much more demanding than the permissive Rule 23(a)(2) commonality requirement. *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter–Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir.1996). Even if the common legal questions do not predominate, this Court may either certify the class with respect to particular common issues or certify sub-classes each of which would be treated as its own class. *See id.* (citing Fed. Rule Civ. P. 23(b)(4)).

Although the decision is not binding on this Court, the court in *Sledge v. Sands,* 182 F.R.D. 255 (N.D.Ill.1998), certified a class under Rule 23(b)(3) where the predominant legal claim was that the defendants had sent collection form letters that violated the FDCPA. In *Sledge,* the court applied Rule 23(b)(3) as follows:

> There is a common factual link among the proposed plaintiffs; each plaintiff received a very similar letter from CCS. The predominate legal issue is whether these letters violate the FDCPA. Additionally, a class action is the superior form of adjudication for this case. Many plaintiffs may not know their rights are being violated, may not have a monetary incentive to individually litigate their rights, and may be unable to hire competent counsel to protect their rights. A class action is judicially efficient in lieu of clogging the courts with thousands of individual suits. The FDCPA itself recognizes the propriety of class actions by providing special damages sections for class action cases. 15 U.S.C. §§ 1692a & b.

*Id.* at 259. The same can be said in this case. Each proposed plaintiff received a collection form letter from Defendants which allegedly violated the FDCPA. Although the potential suits do not number in the thousands, a class action would still be more efficient than over one hundred individual suits pursuing small amounts of damages.

Defendants' one challenge to certification under Rule 23(b)(3) is that Alexander's claim regarding the statute of limitations will predominate over the other members' claims. However, the primary legal question in Alexander's claim as well as all other proposed plaintiffs' claims is whether the collection form letter violated the FDCPA. The form letter could have violated the FDCPA in a number of ways, one of which may be that it threatened a penalty that was not available due to the statute of limitations. As discussed above, more than one of the proposed class members may have the same statute of limitations claim. Alexanders' statute of limitations claim is not a barrier to class certification. Also, assuming the letters were identical, they give rise to at least one common

issue of whether Defendants' attempt to collect an amount in excess of the $30.00 sanction allowed under Montana Code Annotated § 27–1–717 violated the FDCPA. Accordingly, there is a common factual and legal link among all proposed plaintiffs and the proposed class may be certified under Rule 23(b)(3).

## III.  Conclusion

Plaintiff Brad Alexander has demonstrated that each of the requirements of Federal Rule of Civil Procedure 23 have been met. Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion to Certify Class (**dkt # 32**) is **GRANTED**.

2.  The class shall consist of:

(1) all persons in the state of Montana;

(2) to whom a letter in the form of Exhibits 1, 2 or 3 was sent;

(3) in an attempt to collect a debt incurred for personal, family, or household purposes;

(4) which was not returned as undeliverable by the U.S. Post Office.

The class period is one year prior to the filing of this Complaint, i.e., April 4, 2004, to the date of the filing of this order certifying the class.

3.  Michael D. Kinkley is appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g)(1)(B) and (C).

4.  Within thirty days of the filing date of this order, lead counsel for the respective parties shall confer and jointly submit to the Court a proposal for notifying class members of pendency of the class action consistent with the requirements of Federal Rule of Civil Procedure 23(c)(2).

5.  Plaintiff's Unopposed Second Motion to Amend the Scheduling Order (**dkt # 58**) is **GRANTED**. The following schedule will govern all further matters in this case:

1.  Pursuant to 18 U.S.C. § 3161(h) and Fed. R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict. Accord-

| | |
|---|---|
| Disclosure of Plaintiff's Damages Experts and Simultaneous Disclosure of Liability Experts: | August 18, 2006 |
| Disclosure of Defendant's Damages Experts: | September 15, 2006 |
| Discovery Deadline: | October 13, 2006 |
| Motions Deadline (fully briefed): | November 10, 2006 |
| Attorney Conference to Prepare Final Pretrial Order: | week of December 18, 2006 |
| Submit Final Pretrial Order & Proposed Jury Instructions and Trial Briefs electronically to dwm. propord@mtd.uscourts.gov (Trial Briefs are optional): | December 28, 2006 |
| Notice to Court Reporter of Intent to Use Real–Time: | December 28, 2006 |
| Notice to I.T. Supervisor of Intent to Use CD–ROM or Videoconferencing: | December 28, 2006 |
| Final Pretrial Conference: | January 4, 2007 at 11:00a.m. Missoula, Montana |
| Jury Trial (7–member jury): | January 22, 2007 at 8:30 a.m.1 Paul G. Hatfield Courthouse Helena, Montana |

ingly, all civil trial settings are subject to the Court's criminal calendar.